UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOREN DEPREE GREENE, #214156,

        Petitioner,

                                            CASE NO. 5:11-CV-12363
v.                                       HONORABLE JOHN CORBETT O'MEARA

STEVE RIVARD,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION
## TO HOLD HABEAS PETITION IN ABEYANCE

**I.**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Petitioner Loren Depree Greene, a state prisoner currently confined at the St. Louis Correctional Facility in St. Louis, Michigan, asserts that he is being held in violation of his constitutional rights. Petitioner was convicted of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and first-degree home invasion, Mich. Comp. Laws § 750.110a(2), following a jury trial in the Jackson County Circuit Court and was sentenced as a fourth habitual offender, Mich. Comp. Laws § 769.12, to 440 months to 660 months imprisonment on the criminal sexual conduct conviction and a concurrent term of 320 months to 640 months imprisonment on the home invasion conviction in 2005. In his petition, he raises claims concerning the denial of an adjournment motion to review DNA evidence, the denial of effective counsel, the denial of a mistrial motion, the effectiveness of trial and appellate counsel, cumulative error, the admission of hearsay testimony, and the use of DNA evidence. Petitioner

1

appears to have exhausted his issues in the state courts by presenting them to the state courts on direct appeal and collateral review of his convictions.

The matter is now before the Court on Petitioner's motion to hold his habeas petition in abeyance so that he may exhaust additional issues concerning DNA evidence and police notes in the state courts. For the reasons stated herein, the Court denies Petitioner's motion.

## II.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

Petitioner has not shown the need for a stay. His current habeas claims appear to be exhausted. He does not allege that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a concern[1] or that some other extraordinary circumstance warrants a stay of the proceedings. Additionally, while there is no evidence of intentional delay, Petitioner has neither alleged nor shown good cause for failing to previously raise his additional issues in the state courts before seeking federal habeas relief. Petitioner has also failed to provide sufficient information about his unexhausted issues to enable the Court to determine whether such claims are plainly meritless and/or whether he has any remaining available remedy in the state courts. Given such circumstances, a stay is unwarranted.

Accordingly, the Court **DENIES** Petitioner's motion to hold his habeas petition in abeyance. Should Petitioner wish to have the Court dismiss the present petition, which appears to contain only exhausted claims, so that he may pursue additional issues in the state courts (or because he has a matter currently pending in the state courts), he may move for a non-prejudicial dismissal of his

---

[1] The Court makes no determination as to the timeliness of the habeas petition.

habeas petition within 30 days of the filing date of this order. If he does not do so, the Court shall proceed on the claims contained in the current petition.

**IT IS SO ORDERED.**

                                                            s/John Corbett O'Meara
                                                            United States District Judge

Date: June 9, 2011

       I hereby certify that on June 9, 2011 a copy of the foregoing document was served upon Petitioner at St. Louis Correctional Facility by first-class U.S. mail.

                                                            s/William Barkholz
                                                            Case Manager